IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 02-579-01 |
| | : | |
| REGINALD GENTRY | : | |
| | : | |

### MEMORANDUM AND ORDER

Kauffman, J.                                                                                            September 30, 2008

Now before the Court is Defendant's Motion to Schedule Re-Sentencing (the "Motion"). For the reasons discussed below, the Motion will be denied. In exercising its discretion pursuant to 18 U.S.C. § 3582(c)(2), however, the Court will reduce Defendant's sentence of imprisonment to 93 months.

### I. BACKGROUND

On September 25, 2003, pursuant to a cooperation plea agreement, Defendant entered a guilty plea to one count of possession with intent to distribute cocaine base ("crack"), one count of possession with intent to distribute marijuana, and one count of possession of firearms in furtherance of a drug trafficking crime.

On March 29, 2004, the Court held a sentencing hearing. At that hearing, the Court determined that Defendant had a criminal history category of I and that his guideline range was 135 to 168 months, plus a 60-month consecutive sentence on the possession of firearms count, resulting in an effective guideline range of 195 to 228 months. The Government filed a motion

for downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).  The Court granted the motion and sentenced Defendant to a total of 108 months, reflecting a 45% reduction from the bottom of the effective guideline range.

On March 5, 2008, Defendant filed the instant Motion.  In the Motion, he seeks the benefit of Amendment 706 (as amended by Amendment 711) to the United States Sentencing Guidelines, which reduces the applicable guideline range for crack cocaine offenses.  Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce a sentence of imprisonment based on a Guideline range that has been lowered subsequently by the United States Sentencing Commission, provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  On March 3, 2008, an amendment to the applicable policy statement embodied in U.S.S.G. § 1B1.10(c) took effect, permitting the Court to apply Amendment 706 retroactively.

## II.  DISCUSSION

Defendant argues that because 18 U.S.C. § 3582(c)(2) permits the Court to apply Amendment 706 to his case, he is entitled to a full resentencing hearing pursuant to United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 128 S. Ct. 558 (2007).[1]  The Government argues that while a reduction pursuant to Amendment 706 is authorized in this case, Defendant is not entitled to a resentencing hearing because Booker is inapplicable to motions for

---

[1] Defendant maintains that given the now-advisory guideline scheme and the Supreme Court's recognition of the crack/powder cocaine disparity as a legitimate factor in sentencing decisions, he is entitled to a full resentencing hearing in which the Court retains the ability to depart below his amended guideline range after considering all relevant factors under 18 U.S.C. § 3553(a), including the crack/powder disparity.  Essentially, he argues that he is entitled not only to a reduction based on Amendment 706, but also to any other reductions the Court may find warranted after reevaluating the § 3553(a) factors.

sentence reductions pursuant to section 3582(c).

As an initial matter, the Court rejects Defendant's argument that he is entitled to a full resentencing hearing. Courts in this circuit and elsewhere have found that section 3582(c) "provides a postconviction apparatus by which a prisoner can ask a district court to modify a term of imprisonment for any one of a number of reasons, including where an amendment to the sentencing guidelines lowers the defendant's original sentencing range. But a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999); see also United Sates v. Swint, 251 F. App'x 765, 768 n.1 (3d Cir. 2007) ("[T]he scope of a sentencing court's inquiry under section 3582(c)(2) is limited to consideration of a retroactive amendment to the Sentencing Guidelines; section 3582(c)(2) does not entitle a defendant to a full de novo resentencing." (citing United States v. McBride, 283 F.3d 612, 615-16 (3d Cir. 2002))); United States v. Strothers, 2008 U.S. Dist. LEXIS 47630, at *5 (W.D. Pa. June 19, 2008) ("It is important to understand that 3582(c) does not simply provide a vehicle for re-opening sentences for further consideration, but rather, sets forth the exceptions to the prohibition on modifying criminal sentences. As such, the statute limits the court's jurisdiction to modify sentences except as set forth in the statute."). Indeed, the policy statement applicable to Defendant's Motion states in no uncertain terms that "proceedings under 18 U.S.C. § 3582(c) and this policy statement do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3).[2]

---

[2] The policy statement's instructions on determining whether and to what extent a reduction is warranted demonstrate the limited nature of a sentence reduction inquiry pursuant to section 3582(c)(2): the Court "shall substitute only the amendments listed in subsection (c) for

As section 3582(c)(2) makes clear, the Court may, but is not required to, reduce a defendant's sentence only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The policy statement relevant in this case prohibits the Court from reducing Defendant's sentence "to a term that is less than the minimum of the amended guideline range determined" by applying Amendment 706. U.S.S.G. § 1B1.10(b)(2)(A). The exception to that provision provides that where, as here, "the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate."[3] Id. § 1B1.10(b)(2)(B). Thus, the Court's discretion to reduce a sentence under section 3582(c)(2) is limited by the minimum amended guideline sentence (or, as in this case, a proportional reduction from that sentence based on a comparison of the original guideline range and the original below-guideline sentence imposed);

---

the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

[3]   Application Note 3 to U.S.S.G. § 1B1.10 provides an illustrative example:
[I]n a case in which: (A) The guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (B) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (C) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

In this case, Defendant's original guideline range was 195 to 228 months. His original term of imprisonment was 108 months, representing a downward departure of 45% below the minimum guideline sentence. Applying Amendment 706 to Defendant's guideline range results in an amended range of 168 to 195 months. Reducing the minimum amended guideline sentence of 168 months by 45% produces a sentence of 93 months.

any additional reduction beyond that limitation would violate the authorizing statute.  See, e.g., United States v. Wayne, 2008 U.S. Dist. LEXIS 52133, at *7 (W.D. Pa. July 7, 2008) ("We are limited to imposing a sentence that complies with section 3582(c)(2).  To impose a reduced sentence below the minimum of the new amended guideline range would run afoul of section 3582(c)(2)."); Strothers, 2008 U.S. Dist. LEXIS 47630, at *11 ("[T]his Court . . . lack[s] jurisdiction to reduce Defendant's sentence below the guideline sentencing range since such a reduction would be inconsistent with the policy statements set forth in Section 1B1.10 of the Guidelines.")

  The Booker decision does not affect the Court's analysis.  The Court agrees with the vast majority of courts that have found Booker inapplicable in section 3582(c) proceedings.  See, e.g., United States v. Blair, 2008 U.S. Dist. LEXIS 51101, at *7-8 (E.D. Mich. July 2, 2008) ("[T]he majority of circuit courts and district courts that have considered whether Booker applies in proceedings under § 3582(c)(2) have held that it does not." (listing cases)); Strothers, 2008 U.S. Dist. LEXIS 47630, at *10 ("Indeed, almost all courts to have addressed the issue have held that Booker does not apply in such proceedings." (listing cases)).[4]  The Sixth Amendment concern addressed in Booker—which held that the mandatory sentencing guidelines were unconstitutional because they violated the requirement that "[a]ny fact (other than a prior conviction) which is

---

   [4] In United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007), the Ninth Circuit held that Booker does apply in section 3582(c) proceedings.  The decision in Hicks, however, was based on a previous version of the guidelines that "did not include the limitations regarding sentencing a defendant no lower than the bottom of the new guideline range."  Strothers, 2008 U.S. Dist. LEXIS 47630, at *12.  Because "[s]ection 1B1.10 was specifically amended to make it clear that Booker variances are not consistent with Sentencing Commission policy statements," id. at *14, the Court agrees with the courts that have found Hicks inapplicable under the current version of the guidelines.  See, e.g., id. at *12-14.

necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," 543 U.S. at 244 (citing Apprendi v. New Jersey, 530 U.S. 466 (2000))—does not apply in a section 3582(c) proceeding, where the Court cannot increase a sentence but may, in its discretion, decrease a sentence previously imposed.  As such, Booker has no bearing on the question of whether a reduction is permissible under the statute.  See, e.g., United States v. Julien, 550 F. Supp. 2d 138, 140 (D. Me. 2008) ("[T]he Sixth Amendment concerns that motivated the Booker Court to declare the Guidelines advisory are simply not in play in the context of a sentence reduction under § 3582(c)(2)."); United States v. Cruz, 560 F. Supp. 2d 198, 203 (S.D.N.Y. 2008) ("[W]hen a defendant makes a motion for modification of sentence under § 3582(c)(2), the Sixth Amendment concerns underlying the Supreme Court's recent sentencing opinions are not implicated.").

**III.  CONCLUSION**

Because the Court lacks jurisdiction to impose a sentence below that prescribed by U.S.S.G. § 1B1.10, the Motion will be denied.  However, because Defendant is entitled to a proportional sentence reduction based on Amendment 706, the Court will exercise its discretion to reduce Defendant's sentence to 93 months, which represents a 45% reduction from 168 months, the bottom end of his amended guideline range.[5]  An appropriate Order follows.

---

[5] The Government has no objection to a reduction of Defendant's sentence to 93 months.  This reduction is consistent with the policy statement embodied in U.S.S.G. § 1B1.10(b)(2)(B).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 02-579-01 |
| | : | |
| REGINALD GENTRY | : | |
| | : | |

## ORDER

**AND NOW**, this   30th   day of September, 2008, upon consideration of Defendant's Motion to Schedule Re-Sentencing Hearing (docket no. 71) and all responses thereto, and for the reasons stated in the accompanying memorandum, it is **ORDERED** that the Motion is **DENIED**. Pursuant to 18 U.S.C. § 3582(c)(2), it is **FURTHER ORDERED** that the total sentence of imprisonment previously imposed is reduced from 108 months of imprisonment to 93 months of imprisonment.  All other aspects of the sentence previously imposed remain unaffected.


                                                              BY THE COURT:


                                                              /s/ Bruce W. Kauffman
                                                              BRUCE W. KAUFFMAN, J.